UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OPAL HARGER, *et al.*

Plaintiffs,

v.

U.S. DEPARTMENT OF LABOR, and THE NATIONAL INSTITUTE OF OCCUPATIONAL SAFETY AND HEALTH,

Defendants.

NO. CV-06-5071-RHW

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION *INTER ALIA***

Before the Court are Plaintiffs' Motion for Preliminary Injunction (Ct. Rec. 110) and Motion for Joinder of Kim King for June Siwicki (Ct. Rec. 113). A telephonic hearing was held on November 20, 2007. Plaintiffs were represented by Tom Foulds; Assistant United States Attorney Rolf Tangvald appeared on behalf of Defendants. Due to technological difficulties during the hearing, the Court notes that Plaintiffs' counsel was cut off during his oral argument. However, counsel had argued for 25 minutes at the time he was cut off, and the Government rested on its brief and did not submit any oral argument. The Court had sufficient information on the record to make an informed decision in this matter, so it did not resume the hearing.

In this motion, Plaintiffs' counsel Tom Foulds is asking the Court to enjoin the Department of Labor (DOL) from distribution of funds for payment of any EEOCIPA (Energy Employees Occupational Illness Compensation Program Act of

2000 (EEOICPA or "Act"), 42 U.S.C. § 7384, *et seq.*) lump sum awards to any former DuPont Hanford workers or their survivors included in the Special Exposure Cohort (SEC), as defined in the order creating the SEC that became law on October 29, 2007.[1] 72 Fed. Reg. 61,167-68 (Oct. 29, 2007).

To obtain a preliminary injunction in federal court, Plaintiffs are required to demonstrate: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff[s] if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff[s], and (4) advancement of the public interest (in certain cases)." *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995) (citation and internal quotation marks omitted). These factors have been incorporated into two inquires under which the moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor, and at least a fair chance of success on the merits. *Owner Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.*, 367 F.3d 1108, 1111 (9th Cir. 2004). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* Or put another way, "the greater the hardship to the party seeking the preliminary injunction, the less probability of success must be established by the party." *Harris v. Bd. of Supervisors, Los*

---

[1] The new SEC grants EEOICPA funds to a class of former Dupont Hanford workers without establishing the 50 percent causation probability. The problems involved in properly establishing this probability forms the heart of Plaintiffs' claims in this suit, so it appears the new class renders some of Plaintiffs' claims moot. Plaintiffs submit three of their number, Watters (or her surviving daughter Graber), Mundy (or his surviving daughter Caputo), and Herman (or his surviving daughter Caputo), are members of the new SEC.

*Angeles County*, 366 F.3d 754, 759 (9th Cir. 2004).

Plaintiffs assert they have clearly shown a likelihood of success on the merits and a possibility of irreparable injury. Mr. Foulds states his responsibility for the creation of the SEC has been fully documented, and he argues that the "common fund doctrine" provides that he should receive attorney's fees for his efforts out of the common fund of the awards before they are disbursed. The Government avers the Court should deny this motion and the motion for an equitable lien against each award to an SEC member on several bases: there is no merit to the motion; the Court has no jurisdiction to grant the relief requested; and Mr. Foulds will not suffer irreparable injury as a result of the denial of his motion.

The common fund doctrine, as explained by the Supreme Court, holds "that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (citation omitted). Mr. Foulds focuses on the fact that, to receive benefits from a common fund, the fund need not be the result of a class action. However, the Supreme Court limited its holding to funds over which the awarding court has jurisdiction:

> The doctrine rests on the perception that persons who obtain the benefit of a *lawsuit* without contributing to its cost are unjustly enriched at the successful *litigant*'s expense. *Jurisdiction over the fund involved in the litigation* allows a court to prevent this inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited [sic] *by the suit*.

*Id.* (emphases added) (citations omitted). In other words, fundamental to the Court's holding is that the award of the funds must be the result of a lawsuit. *See id.* at 478-79. Therefore, "application of the common fund doctrine thus requires court 'control over a fund or jurisdiction over the parties. . . .'" *United States ex rel. Bogart v. King Pharms.*, 493 F.3d 323, 329 (3d Cir. 2007) (quoting *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774 n.15 (9th Cir. 1977)).

The funds to be awarded via the newly-established SEC were awarded

through legislative, not judicial action. The Government correctly points out that the common fund doctrine does nothing to overcome the hurdle of sovereign immunity, which bars creditors from enforcing a lien on government property. *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 264 (1999).[2] The common fund doctrine is successfully invoked in cases involving fee recovery in private litigation, as opposed to litigation against the government. *See Consolidated Ed Co. of N.Y. v. Bodman*, 445 F.3d 438, 446-47 (D.C. Cir. 2006).

Here, the EEOICPA awards have been obtained through an administrative process separate from this litigation.[3] While Mr. Foulds' efforts undoubtedly had an effect on the outcome of that administrative process, the government's favorable response to those agency proceedings cannot form the basis of an attorney's fee award under the common fund doctrine, or even under the Equal Access to Justice Act, where sovereign immunity is expressly waived. *See id.* at 447-48 (finding that plaintiffs were not a "prevailing party" so as to waive government's sovereign

---

[2] Plaintiffs argue the Administrative Procedure Act, 5 U.S.C. § 702, acts as a waiver to the Government's sovereign immunity for the purposes of this motion, and they also cite to *Blue Fox* in support. However, the holding in *Blue Fox* does not permit finding a waiver of sovereign immunity to grant an equitable lien on government property. In fact, it states that "equitable liens by their nature constitute substitute or compensatory relief rather than specific relief[,]" 525 U.S. at 262, and as such are they not encompassed by the APA's waiver of sovereign immunity. *See id.* at 261-62 (discussing APA waiver analysis in *Bowen v. Massachusetts*, 487 U.S. 879 (1988)).

[3] Mr. Foulds insists the creation of the SEC was the result of an "adversarial process." Although the process may very well have been adversarial, it did not take place under the jurisdiction of this Court. Therefore, the Court does not have the power to influence the disbursement of the funds in question.

immunity of "common fund" claim where lawsuit played no causal role in the relief gained, which instead came from agency's favorable response to comments submitted in agency proceedings). Therefore, the Court denies Plaintiffs' request to enjoin the DOL from disbursing funds to members of the newly-created SEC.

Plaintiffs also ask this Court to join Kim King, a surviving daughter of former Hanford worker, June Siwicki, to their claims. Ms. King's claim presents the same legal and factual questions that were prevalent in Plaintiffs' previously granted motions for joinder. (Ct. Recs. 34, 43, 61, 83, & 92). Plaintiffs' most recent Motion for Joinder is granted.

Accordingly, having considered the record in its entirety, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Preliminary Injunction (Ct. Rec. 110) is **DENIED**.

2. Plaintiffs' Motion for Expedited Hearing on Motion for Preliminary Injunction (Ct. Rec. 109) is **GRANTED**.

3. Plaintiffs' Motion for Joinder of Kim King for June Siwicki (Ct. Rec. 113) is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** the 29th day of November, 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2006\Harger\PI.ord.wpd