UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OPAL HARGER, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR, and THE NATIONAL INSTITUTE OF OCCUPATIONAL SAFETY AND HEALTH, <br><br> Defendants. | NO. CV-06-5071-RHW <br><br> **ORDER GRANTING MOTION TO DISMISS, *INTER ALIA*** |

Before the Court are Defendant NIOSH's Motion to Dismiss (Ct. Rec. 226), two motions for joinder of additional Plaintiffs (Ct. Recs. 258 and 286), and the parties' Joint Motion to Stay (Ct. Rec. 283). For the reasons set forth below, the Court grants each motion.

## I. MOTION TO DISMISS

This motion reiterates arguments Defendant NIOSH first advanced in 2007, but upon which the Court reserved ruling, stating: "The respective roles of DOL and NIOSH, a branch of the Department of Health and Human Services, in dose reconstruction and determination of eligibility for benefits under the EEOICPA is not absolutely clear to the Court at this time. Therefore, it deems dismissal of NIOSH premature and denies the Government's motion to dismiss it as a Defendant." Ct. Rec. 61. The motion to dismiss asserts that Plaintiff Johnson's claim has been finally denied and her lawsuit is now ready to move forward.

**ORDER GRANTING MOTION TO DISMISS, *INTER ALIA* \* 1**

1  Therefore, the motion seeks to dismiss NIOSH not only from Plaintiff Johnson's
2  claim, but also from the claims of all Plaintiffs.
3  　　　While this motion was pending, Defendants reopened Plaintiff Johnson's
4  administrative claim, and the parties have asked the Court to stay the proceedings
5  in her case. Notwithstanding this fact, the Court finds that the motion to dismiss
6  raises legal issues common to all Plaintiffs, regardless of the facts or current
7  postures of their particular claims. Accordingly, the Court finds the motion ripe for
8  review, and the Court's ruling will apply to each Plaintiff's claims.

### A. Background and Administration of the EEOICPA

10  　　　In 2000, Congress passed the Energy Employees Occupational Illness
11  Compensation Progragm Act of 2000 (EEOICPA or "Act"), 42 U.S.C. § 7384 *et*
12  *seq*. The EEOICPA establishes a compensation program providing benefits to
13  individuals with illnesses caused by exposure to radiation and other toxic
14  substances in the course of their work related to the nuclear weapon production and
15  testing programs of the U.S. Department of Energy (DOE) or its predecessor
16  agencies. 42 U.S.C. § 7384. Section 7384s provides that "a covered employee, or
17  survivor of that covered employee if the employee is deceased, shall receive
18  compensation for the disability or death of that employee from that employee's
19  occupational illness in the amount of $ 150,000." 42 U.S.C. § 7384s(a)(1).
20  　　　The Act provides that the President carry out the compensation program
21  through "one or more Federal agencies or officials, as designated by the President."
22  42 U.S.C. § 7384d(a). Executive Order 13179 of December 7, 2000, vested the
23  Secretary of Labor with primary responsibility for administering the Act, but
24  delegated to the Secretary of Health and Human Services the duty of promulgating
25  regulations establishing guidelines and methods for determining the likelihood that
26  claimants sustained cancer during the performance of their duties at the DOE. 65
27  Fed. Reg. 77,487. The Secretary of Labor ultimately delegated his responsibilities
28  to the Director of the Office of Workers' Compensation Programs (OWCP). 20

**ORDER GRANTING MOTION TO DISMISS,** *INTER ALIA* * 2

C.F.R. § 30.1.

The claims process begins when claimants submit certain information to the OWCP. 20 C.F.R. § 30.100. A claimant must meet three basic criteria: (1) he or she has been diagnosed with cancer; (2) he or she contracted cancer after beginning employment at a covered facility; and (3) the cancer was "at least as likely as not" related to employment at the covered facility. 20 C.F.R. § 30.210. If a claimant falls within a Special Exposure Cohort (SEC), this third criteria may be met automatically. If not, the OWCP must forward the claimant's claim package to NIOSH for a dose reconstruction. 20 C.F.R. § 30.115.

The basic principle of dose reconstruction is to characterize the radiation exposure of the affected employee, and then translate that exposure into quantified doses to specific body organs or tissues. 42 C.F.R. § 82.2. The Act required the President to establish guidelines for making such determinations after technical review by the Advisory Board on Radiation and Worker Health, and to establish an independent review process to assess the methodology provided by those guidelines. 42 U.S.C. § 7384n. In addition, HHS's regulations provide a procedure to update this methodology, including revisions recommended by NIOSH, the Advisory Board, independent scientific organizations, DOL, and public comment. 42 C.F.R. § 81.12.

After determining a claimant's eligibility, OWCP issues a recommended decision and forwards that decision to the Final Adjudication Branch (FAB), who will consider objections and conduct a hearing if requested before issuing a final decision. 20 C.F.R. § 30.300. The methodology utilized by NIOSH for dose reconstructions cannot be questioned at this stage and is binding on the FAB. 20 C.F.R. § 30.318. The FAB may however hear objections to NIOSH's *application* of the methodology, and refer the case back to NIOSH for further consideration. *Id.* A claimant can ask the FAB to reconsider a final decision, and the DOL can reopen a claim for issuance of a new final decision at any time. 20 C.F.R. §§ 30.319,

**ORDER GRANTING MOTION TO DISMISS, *INTER ALIA* \* 3**

30.320.

## B. Defendant NIOSH's Motion to Dismiss

Defendant NIOSH sets forth two basic arguments for dismissal: (1) lack of subject matter jurisdiction, under multiple theories; and (2) failure to state a claim upon which relief can be granted.

*Subject Matter Jurisdiction*

1. Defendant NIOSH's first argument, and the heart of its motion, is that this Court lacks subject matter to hear Plaintiffs' claims because NIOSH's dose reconstructions are not "final agency action" under the Administrative Procedure Act (APA), 5 U.S.C. § 704.

The cases set out two conditions for final agency action: "First, the action must mark the consummation of the agency's decisionmaking process – it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-178 (1997) (internal citations and quotations omitted). "[C]ertain factors provide an indicia of finality, such as whether the action amounts to a definitive statement of the agency's position, whether the action has a direct and immediate effect on the day-to-day operations of the party seeking review, and whether immediate compliance with the terms is expected." *Indus. Customers of Northwest Utils. v. Bonneville Power Admin.*, 408 F.3d 638, 646 (9th Cir. 2005) (internal quotations and citations omitted).

The parties dispute whether NIOSH's dose reconstructions meet the two prongs of the *Bennett* test. Plaintiffs liken the dose reconstructions to the Secretary of the Interior's biological opinions that were at issue in *Bennett*, which in themselves allowed the agency to "take" endangered species. 520 U.S. at 178. Defendant argues that the dose reconstructions are subject to further review by both NIOSH and DOL, and thus that no legal consequences flow directly from the

**ORDER GRANTING MOTION TO DISMISS, *INTER ALIA* * 4**

dose reconstructions to claimants.

This complicated administrative scheme is similar in its basic framework to the scheme at issue in *Indus. Customers*, where the court held that a decision of the Bonneville Power Administration (BPA) did not constitute final agency action. There, the BPA was tasked with periodically proposing revisions to power rates, but rate increases became final only after approval by a separate agency – the Federal Energy Regulatory Commission (FERC). *Id.* at 642. The court held that, even though the BPA's determination triggered economic consequences in the real world, it had no final consequences for purposes of judicial review because the process required additional steps (*i.e.*, approval by FERC) before the determination took legal effect. *Id.* at 645-47. This was true even though FERC was barred by statute from modifying the BPA's proposed rates, but could only affirm or remand the rates. *Id.* at 644.

Here, NIOSH's dose reconstructions do seem to constitute the consummation of NIOSH's administrative process. Like the biological opinions at issue in *Bennett*, they are an agency's end product, notwithstanding the fact that they can be later revised. However, just like the proposed rate increases in *Indus. Customers*, no legal consequences flow from the dose reconstructions themselves. They are undoubtedly important, probably the single most important determinant for the criteria specified in 20 C.F.R. § 30.210. But Plaintiffs are incorrect that a claimant's right to compensation is automatic if a dose reconstruction "shows a radiation exposure at work of a 50% or more probability of causation." Ct. Rec. 236. Rather, OWCP and the FAB must determine whether a claimant has met *all* criteria set forth in 20 C.F.R. § 30.210. No claim for compensation can be granted or denied on the basis of a dose reconstruction alone; rather, that dose reconstruction must be applied and considered by another agency.

In sum, because NIOSH's dose reconstructions meet the first *Bennett* prong but not the second, the Court finds the dose reconstructions are not final agency

**ORDER GRANTING MOTION TO DISMISS, *INTER ALIA* \* 5**

action. Therefore, the Court grants the motion to dismiss on this basis.

2.     Defendant's second argument is that even if the Court finds the dose reconstructions to be final agency action, the Court lacks subject matter jurisdiction because Plaintiffs have another adequate remedy. *See* 5 U.S.C. § 704 (providing for judicial review only where agency action is final *and* "there is no other adequate remedy in a court"). Defendant argues that Plaintiffs' adequate judicial remedy is review of the DOL's ultimate decision, which Plaintiffs are of course pursuing in this litigation. Plaintiffs respond that this remedy is inadequate because they cannot challenge NIOSH's methodology during the FAB's review, and because of other deficiencies in FAB's administrative process.

      Plaintiffs' objection that they cannot challenge NIOSH's methodology goes to the heart of their desire to bring NIOSH into this lawsuit. Plaintiffs seek some ability to challenge NIOSH's methodology during the adjudication process, and to seek judicial review if the agency denies such a challenge. But it is clear from the statutory and regulatory scheme that challenges to NIOSH's methodology are reserved to the rulemaking process and subsequent proposed revisions, not the adjudication of individual claims. *See* 42 U.S.C. § 7384n(d)(2); 30 C.F.R. § 30.318; 42 C.F.R. § 81.12. Plaintiffs do not challenge the promulgation of the rules that set forth NIOSH's methodology, but instead seek judicial review of the substance of those rules as applied to Plaintiffs' claims. However, the general principle is that an agency's rule cannot be challenged at application, except for a few narrow exceptions. *Raton Gas Transmission Co. v. F.E.R.C.*, 852 F.2d 612, 615 (D.C. Cir. 1988). Plaintiffs do not contend, and it does not appear to the Court, that any of those exceptions apply here. Therefore, the Court must treat the underlying rule as valid. Even if the Court finds that NIOSH's methodology is flawed, the Court can offer Plaintiffs' no relief against that methodology itself. The Court's inquiry must be limited to whether the DOL (through the FAB) was arbitrary and capricious in relying on the allegedly flawed methodology. Thus, the

**ORDER GRANTING MOTION TO DISMISS, *INTER ALIA* \* 6**

Court finds that Plaintiffs' first objection here fails.

Plaintiffs' second and third objections to the adequacy of its remedy against DOL alone are that they have no access to secret communications between NIOSH and DOL, and that Plaintiffs' objections cannot be fully elucidated in the DOL's records during adjudication. Both of these arguments seem to be objections to the process pursued by the FAB during claims adjudication. Plaintiffs assert no reason why these objections implicate NIOSH itself, or why NIOSH's absence from this lawsuit would somehow render the Court's review of the FAB's claims adjudications process inadequate.

Therefore, the Court grants the motion to dismiss on this basis as well.

3.  Defendant's third and final argument regarding subject matter jurisdiction is that NIOSH's dose reconstructions are committed to agency discretion by law, citing 5 U.S.C. § 701(a)(2). Courts have recognized such commitment where "a court would have no meaningful standard against which to judge the agency's exercise of discretion," and/or where "the agency's action requires a complicated balancing of a number of factors which are peculiarly within the agency's expertise." *Newman v. Apfel*, 223 F.3d 937, 943 (9th Cir. 2000) (internal quotations omitted).

Plaintiffs argue that NIOSH's dose reconstruction guidelines are not solely committed to its discretion because the Act itself requires that a separate agency, the Advisory Board on Radiation and Worker Health, assess NIOSH's methodology through an independent review process. 42 U.S.C. § 7384n(c). In response, Defendant distinguishes between the guidelines NIOSH must use to determine probability of causation and the estimate of radiation dose, arguing that the latter is committed to NIOSH's sole discretion.

The case law indicates that this exception to judicial review normally applies where the language of a statute allows for a permissive exercise of agency decisionmaking. *See Lincoln v. Vigil*, 508 U.S. 182, 191-92 (1993); *Cornejo-*

**ORDER GRANTING MOTION TO DISMISS, *INTER ALIA* * 7**

*Barreto v. Siefert*, 379 F.3d 1075, 1087-88 (9th Cir. 2004); *Gifford v. Small Business Admin.*, 626 F.2d 85, 86 (9th Cir. 1980). Otherwise, courts have applied this exception to judicial review where an agency was called upon to make a policy decision, weighing considerations uniquely within that agency's expertise. *See, e.g., Concrete Tie of San Diego, Inc. v. Liberty Const., Inc.*, 107 F.3d 1368, 1372 (9th Cir. 1997); *Nelson v. Andrus*, 591 F.2d 1265, 1266 (9th Cir. 1978).

Neither of those two circumstances exist here. First, in contrast to the permissive statutory language in the first set of cases, here the Act's language is expressly mandatory. *Compare* 15 U.S.C. § 637(b)(1)(A) (empowering the SBA to provide assistance "whenever it determines such action is necessary") *with* 42 U.S.C. § 7384n(c) (providing that the designated agency "shall establish by regulation methods for arriving at reasonable estimates of the radiation doses received by an individual"). Second, the dose reconstruction process does not involve the kind of policy decision normally reserved to agency discretion. Rather, the dose reconstruction is a mechanical process that involves the application of factors specified by regulation, not a subjective weighing of competing interests.

Accordingly, the Court declines to grant the motion to dismiss on this basis.

*Failure to State a Claim Upon Which Relief May Be Granted*

Defendant asserts two different reasons for dismissal for failure to state a claim: (1) Plaintiffs' due process claims are not cognizable; and (2) only DOL, not NIOSH, can determine eligibility for the compensation Plaintiffs seek. The Court finds these arguments to be intertwined, relying on the same reasoning as Defendant's arguments discussed above.

Essentially, Defendant argues that the due process claims advanced in Plaintiffs' First Amended Complaint are merely complaints about the administrative procedure involved in the FAB's claims adjudication. As Defendant points out in its reply memo, Plaintiffs have not responded to this argument. Rather, Plaintiffs have articulated a number of criticisms of DOL's implementation

**ORDER GRANTING MOTION TO DISMISS, *INTER ALIA* * 8**

of the Act and the FAB's hearing procedures. *See* Plaintiff's Response, Ct. Rec. 236, pp. 14-16.

The Court agrees with Defendant's arguments. Plaintiffs' criticisms may indeed be valid, but they do not relate to NIOSH's actions under the Act. As Defendant points out, the sole authority to provide an administrative review process for claims adjudication has been delegated to the DOL, who accomplishes this through the FAB. Any due process violations that occur before the FAB cannot be remedied by NIOSH, but only by the DOL. Accordingly, the Court grants the motion on this basis as well.

### C. Conclusion

The Court finds that it lacks subject matter jurisdiction over NIOSH because NIOSH's dose reconstructions are not final agency action, and because Plaintiffs have another adequate judicial remedy. The Court also finds that the complaint fails to state a claim as to NIOSH upon which relief can be granted. However, the Court does not find that the dose reconstructions are committed to NIOSH's discretion by law.

Therefore, the Court grants the motion and dismisses NIOSH from all Plaintiffs' claims.

## II. MOTIONS FOR JOINDER

Defendants have not opposed Plaintiffs' two motions for joinder. The Court finds that the putative Plaintiffs' claims are in similar procedural postures and present the same legal issues as the other Plaintiffs. Therefore, the policies underlying Fed. R. Civ. Pro. 20(a)(1) are served by joining the two Plaintiffs, and the Court grants the motions.

## III. MOTION TO STAY

The parties assert that Defendant has reopened Plaintiff Johnson's administrative claim, and anticipate that she will receive compensation at the conclusion of this renewed administrative process. Therefore, the Court agrees that

**ORDER GRANTING MOTION TO DISMISS, *INTER ALIA* \* 9**

a stay is appropriate, and grants this motion.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (Ct. Rec. 226) is **GRANTED**. Defendant NIOSH is dismissed, and the District Court Executive is directed to terminate NIOSH from this matter.

2. Plaintiffs' Motions for Joinder (Ct. Recs. 258 and 286) are **GRANTED.**

3. The parties' Motion to Stay (Ct. Rec. 283) and Motion to Expedite (Ct. Rec. 280) are **GRANTED**. All deadlines in the Court's scheduling order (Ct. Rec. 278) are stayed.

4. On or before **June 30, 2010,** the parties shall file a report on the status of this matter.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this 25th day of January, 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2006\Harger\dismiss2.ord.wpd

**ORDER GRANTING MOTION TO DISMISS,** *INTER ALIA* * 10