UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OPAL HARGER, *et al.*

    Plaintiffs,

    v.

U.S. DEPARTMENT OF LABOR,

    Defendant.

NO. CV-06-5071-RHW

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, GRANTING MOTION FOR CLARIFICATION**

Before the Court is Defendant's Motion to Dismiss First Amended Complaint of Allen R. Hooper (Ct. Rec. 327). Two events prompted Plaintiff to file this Amended Complaint, with Defendant's consent: first, Defendant issued a final decision denying Plaintiff's claim; and second, the Court dismissed Defendant National Institute of Occupational Safety and Health (NIOSH) from this matter (Ct. Rec. 289). Defendant now moves to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that the Amended Complaint is effectively an attempt to make an end run around the Court's finding that Plaintiff cannot challenge the methodologies NIOSH employs.

**STANDARD OF REVIEW**

Under Fed. R. Civ. P. 8(a), the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint need not contain "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroftt v. Iqbal*,

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, GRANTING MOTION FOR CLARIFICATION** * 1

— U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, a complaint must state "enough facts to state a claim to relief that is plausible on its face." *Id.* At 570.

## ANALYSIS

In its previous order, the Court found that it could not entertain a challenge to the scientific methodology NIOSH employed in preparing its dose reconstructions. Rather, the Court found that its "inquiry must be limited to whether the DOL ... was arbitrary and capricious in relying on the allegedly flawed methodology." In his Amended Complaint, Plaintiff Hooper alleges the following:

> Mr. Hooper asserts a cause of action against DOL for its arbitrary and capricious administration of his claim under the EEOICPA by its implementation of a dose reconstruction report that failed to properly apply the methodologies for dose reconstruction as set forth in 42 CFR Part 82, and for DOL's failures under 20 CFR Part 30, § 30.318(c) to fully "consider objections to the manner in which OWCP applied HHS's regulatory guidelines."

(Ct. Rec. 322, ¶ 4). The Amended Complaint further alleges that NIOSH erroneously applied a methodology set forth in one "Technical Information Bulletin," apparently a document issued by the Department of Health and Human Services, while ignoring and failing to apply the methodologies set forth in another "Technical Basis Document" (Ct. Rec. 322, ¶¶ 9 – 11). Plaintiff also alleges that NIOSH failed to account for various facts related to his employment at Hanford, including that he was subjected to inhalation of airborne radioactive particles, and that he had to wade into a radioactive cooling tank without protective clothing on one occasion (Ct. Rec. 322, ¶¶ 13 and 14).

Defendant argues that these allegations are barred by the "law of the case" doctrine, because Plaintiff is merely attempting to challenge NIOSH's dose reconstruction itself. Defendant further argues that Plaintiff has failed to allege any facts to support his claim. Plaintiff responds by pointing to several specific factual allegations in the Amended Complaint, including those identified above. Plaintiff

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, GRANTING MOTION FOR CLARIFICATION** * 2

also points out that he is not challenging the underlying methodologies themselves, just the way they were applied in his case.

The Court finds that Plaintiff has set forth the kind of allegations the Court previously stated it could consider. The claim here is not that the methodologies set forth by administrative rule are themselves flawed – a claim that the Court previously found it could not entertain. Rather, the claim is that in preparing Plaintiff's dose reconstruction, NIOSH erred in selecting one methodology from among those at its disposal, and that DOL was arbitrary and capricious in relying on that dose reconstruction and failing to properly entertain Plaintiff's objections thereto.

In its reply, Defendant summarizes the administrative scheme as follows:

> DOL's regulation at 20 C.F.R. § 30.318(a) does provide that, if a claimant objects to NIOSH's dose reconstruction, FAB will evaluate the factual findings underlying the dose reconstruction and, if they do not appear to be supported by substantial evidence, refer the case back to HHS for further consideration. Moreover, 20 C.F.R. § 30.318(b) provides that a FAB reviewer may determine that objections made to NIOSH's application of its dose reconstruction methodology should be considered by NIOSH, and thus instructs that the case be returned to NIOSH for such consideration.

(Ct. Rec. 335, p. 4). Defendant goes on to argue that the Amended Complaint fails to explain how Plaintiff's allegations, "which relate solely to NIOSH's actions in reconstructing his radiation dose constitute support for a cause of action against DOL based upon either subsection" (*Id.*). The Court disagrees. Read as a whole, the Amended Complaint alleges that NIOSH selected the wrong methodology, and that DOL erroneously relied on NIOSH's work. The Court finds that sufficient to state a plausible claim given the nature of this administrative scheme and the role of judicial review. Therefore, the Court denies Defendant's Motion to Dismiss and directs the parties to propose a briefing schedule for Plaintiff Hooper.

Also before the Court is Defendant's Motion for Clarification of Order (Ct. Rec. 332). In its most recent order, the Court directed the parties to propose

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, GRANTING MOTION FOR CLARIFICATION** * 3

briefing schedules for four of the remaining Plaintiffs – Valero, Booker, Gibbs, and Iuculano (Ct. Rec. 330). The parties have proposed a schedule for Plaintiffs Gibbs and Iuculano (Ct. Rec. 336); however, Defendant's Motion for Clarification points out that Plaintiffs Valero and Booker must first file Amended Complaints before the parties can prepare dispositive motions. Plaintiffs represent they will do so within sixty days (Ct. Rec. 339). Therefore, the Court grants Defendant's Motion for Clarification, sets the parties' proposed briefing schedule for Plaintiffs Gibbs and Iuculano, and directs Plaintiffs Valero and Booker to file Amended Complaints within sixty days.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss First Amended Complaint of Allen R. Hooper (Ct. Rec. 327) is **DENIED.**

2. On or before **February 22, 2011,** the parties shall submit a proposed briefing schedule for Plaintiff Hooper's claim.

3. Defendant's Motion for Clarification of Order (Ct. Rec. 332) is **GRANTED.** Plaintiffs Valero and Booker are directed to file Amended Complaints within sixty days of this order, that is: on or before **April 8, 2011**.

4. The Court sets the following schedule for Plaintiff Gibbs:

| | | |
|---|---|---|
| a. | Plaintiff's dispositive brief: | March 8, 2011 |
| b. | Defendant's dispositive/responsive brief: | April 7, 2011 |
| c. | Plaintiff's reply brief: | April 21, 2011 |
| d. | Hearing on dispositive motions: | May 12, 2011, at **10:00 a.m.** in Spokane |

///
///
///
///
///

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, GRANTING MOTION FOR CLARIFICATION** * 4

1  5. The Court sets the following schedule for Plaintiff Iuculano:

| | | | |
|---|---|---|---|
| a. | Plaintiff's dispositive brief: | | June 6, 2011 |
| b. | Defendant's dispositive/responsive brief: | | July 6, 2011 |
| c. | Plaintiff's reply brief: | | July 20, 2011 |
| d. | Hearing on dispositive motions: | | August 3, 2011, at **9:00 a.m.** in Spokane |

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this 8th day of February, 2011.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2006\Harger\denydismiss.ord.wpd

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, GRANTING MOTION FOR CLARIFICATION** * 5